IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-197 |
| | ) | |
| BRIAN GARTZ | ) | Civil No. 07-1436 |

O P I N I O N

DIAMOND, D.J.

Presently before the court is petitioner Brian Gartz's ("petitioner") motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence (Document No. 71), the government's answer and reply to petitioner's §2255 motion and motion to dismiss (Document No. 75), petitioner's reply to the government's answer (Document No. 80), and petitioner's motion for leave to amend his §2255 motion (Document No. 79).  For the reasons set forth below, the government's motion to dismiss will be granted, petitioner's §2255 motion will be dismissed, and petitioner's motion to amend his §2255 motion will be denied as moot.


I.  **Background**

On September 14, 2005, petitioner pled guilty to a one-count indictment charging him with possession of child pornography pursuant to a written plea agreement that included, inter alia, a waiver of appellate rights and a waiver of collateral attack rights provision.  On December 14, 2005, the court sentenced petitioner to a term of 97 months imprisonment, to be followed by a lifetime term of supervised release.  Petitioner's sentence was

within the advisory sentencing guideline range of 78-97 months imprisonment.

On January 26, 2006, petitioner filed a pro se notice of appeal from the judgment of sentence. Petitioner then voluntarily dismissed his appeal on October 27, 2006. Subsequently, petitioner's current counsel, Attorney Patrick Livingston, was granted leave by this court to consult with petitioner under the Criminal Justice Act to determine whether there were any grounds for relief under 28 U.S.C. §2255.

On October 23, 2007, petitioner filed his §2255 motion, in which he argues that Attorney Patrick Thomassey, who was petitioner's court-appointed counsel and represented him at his change of plea and sentencing hearings, was ineffective in advising petitioner to enter a guilty plea pursuant to a plea agreement that contained a waiver of appellate rights and waiver of collateral attack rights provision, in failing to object to this court's failure to inquire about said waiver during the change of plea colloquy, and in failing generally to recognize the impact of United States v. Booker, 543 U.S. 220 (2005), at petitioner's sentencing hearing.

The government filed its answer and reply and motion to dismiss petitioner's §2255 motion on December 10, 2007. The government contends that petitioner's plea agreement includes a collateral attack waiver provision, pursuant to which petitioner agreed to waive his right to file a §2255 motion. The government asks the court to enforce the waiver and dismiss petitioner's

§2255 motion.

On September 29, 2008, petitioner filed his reply to the government's answer, as well as his motion for leave to amend his §2255 motion. On October 14, 2008, the government responded to petitioner's motion for leave to amend, arguing that the motion should be denied.

## II.   <u>Standard of Review</u>

Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." <u>United States v. Gordon</u>, 979 F.Supp. 337, 339 (E.D.Pa. 1997) (citing <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)).

According to Rule 8(a) of the Rules Governing §2255 Proceedings, the court must determine, based on the record, whether an evidentiary hearing on a §2255 motion is required. Where the record affirmatively indicates that a petitioner's claim

for relief is without merit, the claim may be decided on the record without a hearing.  See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985).  Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the petitioner would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, it is not an abuse of discretion not to conduct an evidentiary hearing.  Id.  As explained herein, the court finds that petitioner waived his right to file a §2255 motion, thus no hearing is required.

III.  **Discussion**

Petitioner has filed a §2255 motion despite agreeing in his plea agreement to waive the right to file such a motion.  The government argues that petitioner's waiver should be enforced, and his §2255 motion should be dismissed.  Accordingly, this court must address whether petitioner's waiver of his right to file a §2255 motion is enforceable.

"A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution."  United States v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001) (citing United States v. Mezzanatto, 513 U.S. 196, 201 (1995)).  In United States v. Mabry, 536 F.3d 231 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit upheld a defendant's waiver of his right to file a motion to vacate

%AO 72
(Rev. 8/82)

- 4 -

sentence under 28 U.S.C. §2255. The <u>Mabry</u> court found that such waivers are enforceable "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." <u>Id</u>. at 237. Therefore, pursuant to <u>Mabry</u>, this court must determine the validity of petitioner's §2255 waiver by "specifically examining the (1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." <u>Id</u>.

### A.  <u>Knowing and Voluntary Nature of the Waiver</u>

In assessing whether petitioner's §2255 waiver was knowing and voluntary, the court must "review[] the terms of the plea agreement and change-of-plea colloquy and address[] their sufficiency." <u>Mabry</u>, 536 F.3d at 238.

Petitioner's written plea agreement clearly provides that the waiver is broad and applies to both direct appeal and collateral attack rights. Specifically, petitioner waived his right to take a direct appeal from his conviction or sentence subject to two exceptions: (1) petitioner could appeal if the United States appealed from the sentence, or (2) if the sentence exceeded the statutory limits or unreasonably exceeded the guideline range. Plea Agreement (Document No. 34), ¶A.11. Petitioner also agreed to <u>"waive[] [his] right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."</u> <u>Id</u>. (emphasis added). Petitioner signed

⊛AO 72
(Rev. 8/82)

the plea agreement thereby acknowledging that he read the document, discussed it with his attorney and accepted its terms. Id. at 5. The court finds the terms of the plea agreement to be sufficient and clear with regard to the waiver of collateral attack rights.

The court next must review the sufficiency of the plea colloquy. After petitioner was placed under oath, the court determined he was competent to plead. Transcript of Change of Plea Hearing (Document No. 61) ("Plea Hr'g Tr."), at 2-3. The court explained to petitioner what his rights would be if he went to trial. Id. at 5-9. The court advised petitioner of the charge against him set forth in the indictment for possessing child pornography, and explained what the government would have to prove at trial with respect to that charge. Id. at 9-10. The court also explained the statutory penalties that petitioner would be subject to, as well as the court's obligation to consider the advisory sentencing guidelines range in imposing sentence. Id. at 11-20.

The court then confirmed with petitioner that no promises other than those contained in the plea agreement were made to induce him to plead guilty. Plea Hr'g Tr. at 20. Petitioner verified that he voluntarily signed the plea agreement after discussing it with his attorney. Id. at 20-21. The Assistant United States Attorney summarized the terms of the plea agreement, including the waiver of appellate and collateral attack rights provision, and petitioner indicated to the court that he had no

questions regarding the plea agreement. Id. at 21-22. The Assistant United States Attorney then summarized the factual basis for petitioner's plea, and he confirmed the accuracy of those facts. Id. at 23-24. The court found there was a factual for petitioner's plea, that he knowingly and voluntarily desired to plead guilty, and the court accepted his plea. Id. at 25.

A review of the change of plea colloquy indicates that the court did not adhere to Federal Rule of Criminal Procedure 11(b)(1)(N), which requires the court, not the government or defense counsel, to address the defendant in a plea hearing and inform him that he is waiving the right to appeal and to collaterally attack his sentence with a §2255 motion. Rule 11(b)(1)(N) provides:

> [b]efore the court accepts a plea of guilty ... the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands ... the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed.R.Crim.P. 11(b)(1)(N). Nonetheless, for an appellate or collateral attack waiver to be unenforceable due to a violation of Rule 11(b)(1)(N), the plain error standard must be satisfied. See United States v. Goodson, 544 F.3d 529, 539 (3d Cir. 2008). That standard requires that there be "(1) error, (2) that is plain or obvious, and (3) that affects a defendant's substantial rights." Id. (citing Johnson v. United States, 520 U.S. 461, 467 (1997); United States v. Olano, 507 U.S. 725, 732 (1993)); see also Fed.R.Crim.P. 11(h) ("[a] variance from the requirements of [Rule

11] is harmless error if it does not affect substantial rights.").

In Goodson, the Third Circuit found that it was plain and obvious error for the district court to rely on "the prosecutor's recitation of the terms of the appellate waiver to fulfill its obligation to inform the defendant of the specifics of the waiver provision" in light of the requirements of Rule 11(b)(1)(N). Goodson, 544 F.3d at 540. Here, this court accepted petitioner's guilty plea without the benefit fo the Third Circuit's Goodson decision, which was issued subsequently to the change of plea hearing in this case. Thus, the court did not question petitioner directly concerning the collateral attack and appellate waiver provision of the plea agreement, but consistent with its long-standing practice relied on the Assistant United States Attorney to summarize the terms of the plea agreement. Nevertheless, under Goodson, this court's failure to directly address petitioner concerning the collateral attack and appellate waiver provision in the plea agreement as required by Rule 11(b)(1)(N) was plain and obvious error. See United States v. Stabile, 2009 WL 1137905, *4 (W.D. Pa. Apr. 27, 2009)(applying Goodson and finding that the district court committed plain error by relying on the prosecutor's explanation of the collateral attack and appellate waiver provision in the plea agreement instead of directly questioning the defendant regarding the waiver); Jackson v. United States, 2008 WL 5429695, *12 (W.D.Pa. Dec. 30, 2008) (same); Scales v. United States, 2008 WL 5114267, *14 (W.D.Pa. Nov. 25, 2008) (same).

Although plain error occurred during the collateral attack and appellate waiver portion of the plea colloquy in this case, for the waiver to be unenforceable, petitioner still must demonstrate "that the deficient colloquy affected his substantial rights by precluding him from knowing of and understanding the significance of the binding appellate waiver in the plea agreement." Goodson, 544 F.3d at 540. In Goodson, the Third Circuit considered the whole record to determine if the defendant's substantial rights were affected. Id. at 540-41. While Goodson did not expressly identify factors courts must consider, the Third Circuit examined the following: (1) the defendant's characteristics; (2) the nature and circumstances of the crimes committed; (3) the terms of the plea agreement; (4) the fact that the plea agreement contained a clause indicating that the defendant read the agreement which contained the waiver and discussed it with his counsel; (5) the defendant's assertions during the plea hearing that he understood the terms of the plea agreement; and (6) the fact that the prosecutor reviewed the terms of the appellate waiver during the plea colloquy. Id.

Applying those factors here, the court finds from the record in this case that at the time of petitioner's guilty plea, he was twenty-seven years old, and he had a high school education. Plea Hr'g Tr. at 3. Petitioner's crime involved the possession of child pornography that he obtained by uploading and downloading images onto an internet website, which indicates he had the ability to understand and utilize the technology necessary to

%AO 72
(Rev. 8/82)

- 9 -

perpetrate a crime that involved use of a computer.

In addition, the collateral attack and appellate waiver provision was clearly set forth in the written plea agreement. See Plea Agreement, ¶A.11. When the prosecutor summarized the plea agreement at the change of plea hearing, she reviewed all of the agreement's terms, including the waiver provision. Plea Hr'g Tr. at 21-22. When the court asked petitioner whether he had any questions regarding the plea agreement, he stated while under oath that he did not. Id. at 23. Petitioner executed the plea agreement, thereby acknowledging that he read the document and discussed it with his attorney, and he affirmed under oath at the plea hearing that was true. Id. at 21; Plea Agreement at 5. It is, therefore, clear from the record that petitioner's assent to the plea agreement, including the collateral attack waiver provision, was voluntary and knowing and that he acknowledged the agreement while under oath; accordingly, the court approved the plea agreement and accepted petitioner's guilty plea.

In sum, the plain error by the court in conducting the plea colloquy in this case did not affect petitioner's substantial rights. As the foregoing analysis demonstrates, petitioner was not precluded from knowing of and understanding the significance of the binding collateral attack waiver provision in the plea agreement. See Goodson, 544 F.3d at 541 (finding that deficient plea colloquy did not preclude the defendant from understanding that he had waived his appellate rights, and holding that the defendant's substantial rights were not affected by inadequate colloquy); see

also Stabile, 2009 WL 1137905, *5 (following Goodson and applying similar factors in concluding that deficient plea colloquy did not affect the defendant's substantial rights); Scales, 2008 WL 5114267, *14 (same); Jackson, 2008 WL 5429695, *13 (same). Accordingly, the deficient plea colloquy in this case does not render petitioner's waiver of his appellate and collateral attack rights unenforceable.

### B.  **Miscarriage of Justice**

Although the court has determined that petitioner knowingly and voluntarily waived his collateral attack rights as explained above, we next must address whether enforcement of the waiver would work a miscarriage of justice in this case.  Mabry, 536 F.3d at 237.  We are to use a "common sense approach" and "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver."  Id. at 242, 243. Although the Third Circuit has declined to identify a list of specific circumstances to consider before invalidating a waiver as involving a miscarriage of justice, it has instructed that we should consider "'the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result ....'"  Id. at 242-43 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).  In Mabry, the Third Circuit identified instances that may constitute a miscarriage of justice, such as if

enforcing a collateral attack waiver would bar a defendant's appeal on grounds expressly preserved in the plea agreement, or if counsel was ineffective or coercive in negotiating the plea agreement that contained the waiver.   Id. at 243 (citing United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007); United States v. Wilson, 429 F.3d 455 (3d Cir. 2005)).

Here, the collateral attack waiver agreed to by petitioner was broad and contained no exceptions, stating that he agreed to "waive[] the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."[1] See Plea Agreement, ¶A.11 (emphasis added).

However, in an attempt to overcome the collateral attack waiver provision, petitioner suggests that his counsel was ineffective in negotiating a plea agreement that contained a collateral attack waiver provision, which, as discussed above, is an instance that may constitute a miscarriage of justice. See Mabry, 536 F.3d at 243. More specifically, petitioner contends that he was deprived of effective assistance of counsel in

---

[1] The court also notes that the appellate waiver agreed to by petitioner was broad and encompassed any challenge to his conviction or sentence subject to the following limited exceptions: if the United States appealed the sentence; if the sentence exceeded the statutory limits set forth in the United States Code; or if the sentence unreasonably exceeded the advisory guideline sentencing range determined by the court. See Plea Agreement, ¶A.11. None of these exceptions is applicable because petitioner's sentence of 97 months imprisonment was within the applicable guideline range of 78-97 months, beneath the statutory maximum term of imprisonment, and his sentence was not appealed by the United States.

connection with the plea bargain process because Attorney Thomassey advised him to enter a guilty plea pursuant to an agreement that contained an appellate and collateral attack waiver provision when, whatever benefit he received from such an agreement likewise could have been received by entering a plea without a written agreement.[2] See petitioner's Motion, ¶16. Although counsel's alleged ineffectiveness in negotiating the plea agreement could constitute a miscarriage of justice, petitioner's argument in that regard is without merit and will not render his waiver unenforceable.

First, to establish ineffective assistance of counsel, petitioner must show that counsel's representation was deficient, meaning that it fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). In addition, petitioner must demonstrate that he was prejudiced by counsel's deficient performance, which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that the two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. Id. at 58. In the guilty plea context, in order to satisfy the prejudice requirement, the defendant must show "that there is a

---

[2] The court notes that in exchange for petitioner's guilty plea pursuant to the terms of the plea agreement, petitioner was assured that the government would move for a 3-level reduction of his offense level based on his acceptance of responsibility. See Plea Agreement, ¶B.2.

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

Here, petitioner contends that Attorney Thomassey erroneously advised him to plead guilty pursuant to a plea agreement that contained an appellate and collateral attack waiver provision, but in exchange for his guilty plea petitioner only received a 3-point reduction for acceptance of responsibility, which he now does not perceive as any significant benefit. See petitioner's Motion, ¶¶10, 16. Petitioner's allegation is insufficient to satisfy the Hill requirement of prejudice. Petitioner does not allege that he would not have pleaded guilty and would have insisted on going to trial had Attorney Thomassey acted differently. Rather, petitioner claims that had he been advised by Attorney Thomassey that he could have pleaded guilty generally without a plea agreement, he would have done so. See petitioner's Motion, ¶24; Reply at 23.

However, petitioner's contention that Attorney Thomassey failed to fully explain the provisions of the plea agreement to him is belied by his statements made under oath during the plea colloquy. Petitioner affirmed for the court that he signed the plea agreement after having had an opportunity to review it and discuss it with Attorney Thomassey. Plea Hr'g Tr. at 20-21. After the prosecutor summarized the terms of the plea agreement, including the appellate and collateral attack waiver provision, petitioner indicated to the court that he did not have any questions concerning the document. Id. at 23. Furthermore, when

the court asked petitioner whether he was satisfied to have Attorney Thomassey represent him, petitioner indicated that he was satisfied with counsel. Id. at 4.

Simply put, petitioner made statements under oath at the change of plea hearing which indicate that he understood and accepted all of the terms of the plea agreement, including the appellate and collateral attack waiver provision. The court had no reason to doubt petitioner's understanding of the plea agreement, especially since he did not raise any questions concerning any of the agreement's terms when given the chance to do so at the change of plea hearing.[3]

Petitioner's allegation that Attorney Thomassey provided ineffective assistance of counsel in the plea bargain process lacks merit and does not establish a miscarriage of justice. Petitioner otherwise "has not identified [in his motion] any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack." Mabry, 536 F.2d at 243. Here, as in Mabry, "[e]nforcing the waiver is in line with justice, not a miscarriage

_____

[3]The court notes that petitioner demonstrated that he had the capability to inquire when he did not understand by asking a question during the plea hearing about the court's explanation of the penalties to which he was subject, specifically that he would be required to register as a convicted sex offender when he is released from prison. See Plea Hr'g Tr. at 14-18. The fact that defendant raised a question about a potential penalty he could face indicates to the court that he would have inquired about a matter if he did not understand, such as the meaning of any plea agreement provision that was unclear to him, and undermines his current claim that he was not fully advised by his counsel concerning the consequences of the collateral attack and appellate waiver provision.

of it." Id. at 244.

Accordingly, for the reasons stated herein, the court finds that petitioner knowingly and voluntarily waived his right to file a collateral attack of his conviction and sentence, and that enforcement of the waiver does not work a miscarriage of justice. As a result, petitioner's §2255 motion is barred by the collateral attack waiver provision in his plea agreement, and the government's motion to dismiss petitioner's §2255 motion will be granted.[4]

## C.  **Certificate of Appealability**

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit states that when a final order denying a motion under §2255 is entered, the district court must determine whether a certificate of appealability should issue. As the foregoing makes clear, petitioner waived his right to file a §2255 motion. Because the court does not reach the merits of petitioner's claims, there exists no basis for issuing a certificate of appealability, as petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

---

[4]Because the court has determined that petitioner's §2255 motion is barred by the collateral attack waiver provision in his plea agreement, and the government's motion to dismiss petitioner's §2255 motion will be granted, petitioner's motion to amend his §2255 motion will be denied as moot.

## IV.   Conclusion

For the foregoing reasons, the government's motion to dismiss petitioner's motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence will be granted, petitioner's §2255 motion will be dismissed, his motion to amend the §2255 motion will be denied as moot, and a certificate of appealability will not be issued in this case.

An appropriate order will follow.

Gustave Diamond
United States District Judge

Date: November 4, 2009

cc:   Tina O. Miller
      Assistant U.S. Attorney

      Patrick M. Livingston, Esq.
      205 Ross Street
      Colonial Building
      Pittsburgh, PA 15219

AO 72
(Rev 8/82)